IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| M.S., L.S., and C.J.S.,<br><br>              **Plaintiffs,**<br><br>vs.<br><br>**PREMERA BLUE CROSS, MICROSOFT CORPORATION, and THE MICROSOFT CORPORATION WELFARE PLAN,**<br><br>              **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:19-cv-199-DAK<br><br>Judge Dale A. Kimball |

      This matter is before the court on remand from the Tenth Circuit and Plaintiffs' Motion for Attorneys' Fees and Costs [ECF No. 127] for additional attorneys' fees incurred on appeal, pursuant to 29 U.S.C. § 1132(g)(1). The matter is fully briefed, and the court concludes that a hearing on the matter is unnecessary.

      In its decision on appeal, the Tenth Circuit vacated Chief Judge Shelby's grant of summary judgment to Plaintiffs on their Parity Act claim and remanded it to this court to dismiss the claim for lack of standing.   The court, therefore, dismisses Plaintiff's Parity Act claim for lack of standing.

      The Tenth Circuit also reversed in part and affirmed in part Chief Judge Shelby's grant of summary judgment to Plaintiffs on their statutory penalties claim. The Tenth Circuit held that Defendants were not required to provide Plaintiffs with certain medical policies, but the Tenth Circuit affirmed that Defendants were statutorily required to provide Plaintiffs with Administrative Services agreement between the Plan Administrator, Microsoft, and Premara, the claims administrator. The Tenth Circuit, therefore, upheld this court's award of $123,100 in

statutory penalties. The Tenth Circuit also reviewed the district court's award of attorneys' fees and costs to Plaintiffs and affirmed the award of $69,640 in attorneys' fees and costs.

Plaintiffs now seek an award of attorneys' fees incurred on appeal. Defendants, however, oppose the motion, arguing that Plaintiffs have not demonstrated that they achieved any degree of success on the merits of the appeal and because they cannot satisfy the *Cardoza* factors. Defendants also take issue with the format of Plaintiffs' motion and whether it meets the requirements of this District's local rules. The parties, however, had timely and adequate notice of what Plaintiffs were seeking and, while not exemplary, the court finds Plaintiffs' submission adequate enough to address the merits of the motion.

Under ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(a), the court may, "in its discretion," allow "a reasonable attorney's fee and costs of action to either party." In *Hardt v. Reliance Standard Life Ins.*, 560 U.S. 242, 254 (2010), the Supreme Court clarified that there are limits to the court's discretion. The statute's language means that a litigant need not be the prevailing party to obtain an award of reasonable attorney fees but must have achieved "some degree of success on the merits." *Id.* at 252, 255.

Defendants claim that Plaintiffs did not achieve some degree of success on the appeal because the Tenth Circuit reversed the district court on the Parity Act claim and part of the statutory penalties claim. However, the Tenth Circuit upheld part of the statutory penalties claim and the full amount of statutory penalties awarded by the district court. The Tenth Circuit also upheld the district court's award of attorneys' fees. Therefore, Defendants appealed the judgment award of $192,740, and while successful on some matters on appeal, ended the appeal with the same judgment award against them affirmed. Given that Plaintiffs concluded the appeal with the same judgment award in their favor, the court finds that Plaintiffs achieved the requisite degree of

success on appeal. The court finds that their degree of success on appeal allows Plaintiffs to seek attorneys' fees on appeal.

Defendants argue that the Cardoza factors do not support an award of additional attorneys' fees for the appeal. In an ERISA case, the Tenth Circuit has established five factors to consider in deciding whether to award attorneys' fees. *Cardoza v. United of Omaha Life Ins.*, 708 F.3d 1196, 1207 (10th Cir. 2013). Under the first factor, the court considers "the degree of the opposing party's culpability or bad faith." *Id.* There is no claim of bad faith in this case, but the parties disagree as to culpability. Defendants had a good faith basis for challenging portions of the district court's prior order. However, both this court and the Tenth Circuit found that Defendants were statutorily liable for penalties for failing to turn over the ASA because it was plainly in the universe of documents that were required to be provided upon request. The refusal to turn over the document and subject itself to statutory penalties is more that mere procedural deficiencies or irregularities. The statutory penalties demonstrate culpability on Defendants' part, and this factor weighs in favor of an award of attorneys' fees to Plaintiffs.

The second *Cardoza* factor of whether Defendants have the ability to satisfy an award of fees also weighs in Plaintiffs' favor. *Id.* Under the third *Cardoza* factor, the fees award would deter Defendants and other insurers and plans from withholding administrative services agreements in similar circumstances. Defendants argue that they did nothing wrong in refusing to produce the administrative services agreement, but two courts have told them differently, and such an argument demonstrates that an award of fees is necessary to deter such arguments in the future.

The fourth *Cardoza* factor concerns "whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or resolve a significant legal question regarding ERISA." *Id.* While Plaintiffs did not bring a class action, that can't possibly be the standard for this

3

factor. Plaintiffs obtained a ruling of first impression from this court and the Tenth Circuit, and it is now clear that administrative services agreements are required to be produced under 29 U.S.C. § 1024(b)(4). Therefore, a significant legal question has been resolved, and this factor weighs in Plaintiffs' favor.

The fifth *Cardoza* factor concerns the "relative merits of the parties' positions." While the Tenth Circuit reversed portions of the district court's decision, it still found that Plaintiffs were entitled to their attorneys' fees award. With respect to the appeal, as stated above, Plaintiffs achieved enough success on appeal as to have the judgment award undisturbed. The court finds that this factor weighs in Plaintiffs' favor. Accordingly, the court concludes that the *Cardoza* factors support Plaintiffs' request for an award of attorneys' fees on appeal.

Defendants did not argue that the billable hour rate was unreasonable or that the hours incurred were excessive. The Tenth Circuit upheld Mr. King's $600 hourly rate in affirming the prior award. This court also finds it a reasonable rate for his level of expertise in this market. The court also finds 64.5 hours to be a reasonable amount of time for the number of issues involved on appeal. Accordingly, the court GRANTS Plaintiffs' Motion for Attorneys' Fees [ECF No. 127] and awards Plaintiffs reasonable fees and costs on appeal in the amount of $38,700.00. The court will enter an Amended Judgment to reflect the dismissal of the Parity Act claim and award of additional fees and costs.

DATED this 12th day of May 2025.

BY THE COURT:

_____
DALE A. KIMBALL,
UNITED STATES DISTRICT JUDGE